**Sharon WATSON, Appellant,**

v.

**SOONER LIFE INSURANCE COMPANY and First State Bank of Rising Star, Texas, Appellees.**

**No. 11–82–065–CV.**

Court of Appeals of Texas, Eastland.

Sept. 30, 1982.

Roger L. Glandon, Glandon, Erwin, Scarborough, Baker, Choate & Arnot, Abilene, for appellant.

David W. Elmquist, Jenkins & Gilchrist, Dallas, Robert D. Batjer, Jr., Batjer & Davey, Abilene, for appellees.

DICKENSON, Justice.

After Raymond E. Watson died in a motor vehicle accident on February 27, 1981, Sooner Life Insurance Company tendered into the registry of the court the proceeds of an insurance policy on his life. The primary beneficiary, First State Bank of Rising Star, Texas, moved for summary judgment. The contingent beneficiary, Sharon Watson, widow of Raymond E. Watson, opposed the bank's motion on the ground that her husband's debt to the bank had been discharged by the United States Bankruptcy Court on May 8, 1980. The bank's motion for summary judgment was granted on March 18, 1982. We affirm.

The widow has briefed one point of error. She claims "the trial court erred in holding that as a matter of law the life insurance benefits were due to the First State Bank of Rising Star, Texas." This point is overruled.

The controlling facts are not disputed. Raymond E. Watson was shown as "the Insured" on a policy of life insurance issued by Sooner Life Insurance Company on March 2, 1976. That policy named the bank "as its interest may appear, Primary Beneficiary," and it named Sharon Watson as Contingent Beneficiary. The face amount of coverage was $24,000, and that coverage was doubled because of accidental death benefits. There is no dispute over the de-

duction of a policy loan due to the company and its attorney's fees and expenses for filing the interpleader suit.

Raymond E. Watson owed the bank significantly more than the amount payable under this policy of life insurance at the time he declared bankruptcy. On April 15, 1980, the trustee abandoned to the bank all of the equipment and other assets which had been pledged in connection with this loan. The disputed insurance policy was also abandoned to the bank.

The widow argues that since her husband's debt to the bank was discharged, the bank no longer had an insurable interest in his life. We disagree.

Tex.Ins.Code Ann. art. 3.49–1 (Vernon 1981) provides in pertinent part:

Section 1. Any person of legal age may apply for insurance on his life ... and with respect to any such policy or policies *any such beneficiary* or owner *so designated shall at all times thereafter have an insurable interest in the life of such person....* (Emphasis added)

The application for insurance in this case shows that R.E. Watson designated "First Beneficiary First State Bank Rising Star as their interest appear." Consequently, the bank continued to have an insurable interest in his life "at all times thereafter." The policy was abandoned to the bank by the trustee, and the discharge did not affect the bank's interest in the life insurance proceeds.

*Livesay v. First National Bank of Lockney, Texas,* 57 S.W.2d 86 (Tex.Com.App. 1933, judgment adopted), where the controlling question was whether or not an insurable interest (which depended at that time on the debt due) was terminated by the discharge in bankruptcy, said:

It is well settled that although a discharge in bankruptcy has effect to release the debtor from the *legal obligation* to pay a debt involved in the discharge, a *moral obligation* still rests on the debtor to pay the debt. The discharge affects the remedy, but does not constitute payment of the debt. (Emphasis added)

See also Annot., 91 A.L.R. 876 (1934). Moreover, the trustee in this case abandoned the insurance policy and other assets mortgaged to the bank.

The judgment of the trial court is affirmed.